# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | CASE NO. 4:08-CR-224 |
| | § | Judge Crone/Judge Mazzant |
| DAVID A. VOGEL (1), | § | |
| CARRIE L. DEMERS (2), and | § | |
| JONATHAN C. VOGEL (3) | § | |

## REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Pending before the Court are Defendant David Allan Vogel's Motion to Dismiss or for Transfer of Venue (Dkt. #108) and Defendant Jonathan C. Vogel's Motion to Dismiss or for Transfer of Venue (Dkt. #117). Defendant Carrie L. Demers joined in the motions. On December 10, 2008, a federal grand jury in the Eastern District of Texas returned a two-count indictment charging Defendants David Vogel, Carrie Demers, and Jonathan Vogel with violation of 21 U.S.C. § 846 (Conspiracy to Manufacture, Distribute or Dispense or Possess with Intent to Manufacture, Distribute or Dispense a Controlled Substance) and charging Defendants David Vogel and Carrie Demers with violation of 18 U.S.C. § 1956(h) (Conspiracy to Commit Money Laundering). On August 13, 2009, the grand jury returned a superseding indictment charging the Defendants with the same offenses and adding Defendant Joseph A. Geraci, who has not appeared in this case, to the conspiracy and money laundering charges.[1] Also, the superseding indictment charged Defendant David Vogel with two separate violations of 18 U.S.C. § 1957 (Engaging in a Monetary Transaction in Property Derived from Specified Unlawful Activity).

---

[1] The parties refer to the original indictment in their motions and responses. The Court will consider the motions and responses to apply to the superseding indictment.

Defendants allegedly operated an Internet-based pharmacy, which was used to advertise, offer for sale, solicit, receive and fill orders, via the Internet, from drug-seeking customers. In the instant motions, Defendants argue that the Court should dismiss the superseding indictment or, in the alternative, transfer this case to the Northern District of Texas pursuant to Rule 21(b) of the Federal Rules of Criminal Procedure. Having considered the relevant pleadings, and argument and testimony given at the August 26, 2009 hearing, the Court is of the opinion that Defendants' motions should be denied.

## MOTION TO DISMISS FOR IMPROPER VENUE

Because a conspiracy is a "continuing offense," it may be prosecuted in any district in which the conspiracy was "begun, continued, or completed." 18 U.S.C. § 3237(a). Venue in a conspiracy case is proper in any district where the agreement was formed or where an overt act in furtherance of the conspiracy was performed. *See, e.g., United States v. Caldwell*, 16 F.3d 623, 624 (5th Cir. 1994); *United States v. Winship*, 724 F.2d 116 (5th Cir. 1984). This is true even when a particular defendant never set foot in that district. *United States v. Acosta*, 763 F.2d 671, 681 (5th Cir. 1985); *United States v. Garcia Abrego*, 41 F.3d 142, 154 (5th Cir. 1998). When considering a motion to dismiss, the Court considers all well-pleaded facts as true. *United States v. South Florida Asphalt Co.*, 329 F.2d 860, 865 (5th Cir. 1964); *United States v. Emilor*, No. 6:07-CR-1, 2008 WL 2152279 at *18 (E.D. Tex. May 21, 2008).

Defendants argue that venue is improper in the Eastern District of Texas because the case against Defendants "mainly arises out of allegations of incidents occurring in other states and the Northern District of Texas." MOTION TO DISMISS at 1. Defendants allege that the only contact with this District was the use of two pharmacies, which was entirely legal at the time they were used, and

does not constitute overt acts sufficient to maintain venue in this District. *Id*. Defendants deny that a pharmacy was used in Denton County, within this District, and deny that pharmacies were used in this District from 2004-2007 as alleged in the superseding indictment. *Id*. at FN 1. The Government argues that venue is proper in this District, because as part of the conspiracy, Defendants committed overt acts in furtherance of the conspiracy within this District.

At the August 26, 2009 hearing, the Defendants offered the testimony of Joel Dunn ("Dunn"), a special agent with D.E.A. Dunn offered testimony about his investigation into Defendants' alleged operation of an Internet pharmacy used to distribute controlled substances. Dunn stated that pharmacies located in Longview, Texas, and Tyler, Texas, both within this District, were utilized by Defendants. Drugs from these pharmacies were shipped all over the United States and within this District. Dunn believed that he interviewed ten to twelve former clients of the Defendants that received drugs in this District.

The Defendants also offered the testimony of I.R.S. Agent John Carr ("Carr"). Carr testified that he conducted the investigation into the financial aspects of the alleged conspiracy. According to Carr, monies were seized from banks across the United States in connection with the money laundering charge. Carr does not believe any of these banks are located in this District, but stated that he believes some of the underlying illegal activities related to the monies may have occurred in this District.

After taking all well-pleaded facts in the superseding indictment as true, and considering the testimony presented at the August 26, 2009 hearing, the Court finds that venue is proper in the Eastern District of Texas. The superseding indictment alleges that Defendants "advertised, offered for sale, solicited, received and filled orders for controlled substances via the Internet from drug

seeking customers in the Eastern District of Texas." SUP. INDICTMENT at 5-6. Further, "Internet drug orders were filled by pharmacies in the Eastern District of Texas" and "customers lived in the Eastern District of Texas." *Id*. at 8. The testimony provided at the motion hearing is similar to the superseding indictment, stating that Defendants carried out part of their conspiracy in this District. The Defendants presented no evidence or testimony showing that the alleged conspiracy was not "begun, continued, or completed" in this District. Therefore, the Court finds there are sufficient facts to find that the claims against Defendants in this conspiracy are properly brought in the Eastern District of Texas and that Defendants' motions to dismiss should be denied.

## MOTION TO TRANSFER VENUE

Rule 21(b) of the Federal Rules of Criminal Procedure states that "for the convenience of the parties and witnesses, and in the interest of justice, the court upon motion of the defendant may transfer the proceeding as to that defendant or any one or more of the counts thereof to another district." FED. R. CRIM. P. 21(b). The application of Rule 21(b) is a matter of discretion for the trial court. *See United States v. Fagan*, 821 F.2d 1002, 1008 (5th Cir. 1987); *United States v. Dickie*, 775 F.2d 607, 609 (5th Cir. 1985); *United States v. Walker*, 559 F.2d 365, 372 (5th Cir. 1977); *United States v. Boyer*, No. 4:08-CR-1DPJ-JCS, 2008 WL 4104482 at *1 (S.D. Miss. Aug. 28, 2008). In *Platt v. Minnesota Mining & Mfg. Co.*, the United States Supreme Court identified the following factors for a court to consider when ruling on a Rule 21(b) motion: "(1) the residence of an individual defendant; (2) the location of possible witnesses; (3) location of events likely to be in issue; (4) location of documents and records likely to be involved; (5) disruption of defendant's business unless the case is transferred; (6) expense to parties; (7) location of counsel; (8) relative accessibility of place of trial; (9) docket condition of each district or division involved; and (10) any

other special elements which might affect the transfer." 376 U.S. 240, 243-44 (1964); *see also United States v. Morris*, 176 F. Supp. 2d 668, 671-72 (N.D. Tex. 2001). "The burden is on the defendant to show that transfer would serve the purpose of the rule but the defendant need not show 'truly compelling circumstances.'" *United States v. Coffee*, 113 F. Supp. 2d 751, 753 (E.D. Pa. 2000).

***Residence of Defendant***

While a defendant does not have a right to be tried in his home district, the *Platt* factors accord some weight to the location of the defendant's residence. *See In re United States*, 273 F.3d 380, 388 (3d Cir. 2001); *Walker*, 559 F.2d at 372; *see also United States v. Hinton*, 268 F. Supp. 728, 731 (E.D. La. 1967). Defendants argue that they reside in the Northern District of Texas and have only minimal contact with the Eastern District of Texas. The Government has offered no evidence to the contrary. Therefore, this factor weighs in favor of transfer.

***Location of Witnesses***

"Under Rule 21(b), the district court is to consider the convenience of the witnesses as well as the convenience of the parties." *United States v. Pry*, 625 F.2d 689, 691 (5th Cir. 1980); *see also United States v. Morris*, 176 F. Supp. 2d 668, 671 (N.D. Tex. 2001). Generally, a defendant is required to give "specific examples of witnesses' testimony and their inability to testify because of the location of the trial." *United States v. Spy Factory, Inc.*, 951 F. Supp. 450, 456 (S.D.N.Y. 1997). "The court must rely on 'concrete demonstrations' of the proposed testimony." *United States v. Haley*, 504 F. Supp. 1124, 1126 (E.D. Pa. 1981). Defendants fail to identify a single witness who will be unable to testify at trial in the Eastern District of Texas. *Cf. Morris*, 176 F. Supp. 2d at 673 (indicating twenty-four witnesses as part of defense, most of whom reside outside the district).

Defendants only mention "doctors" that are located in Dallas, Texas, and other unspecified witnesses that will be inconvenienced by traveling to this District. Therefore, Defendants' blanket assertion regarding the location of witnesses is insufficient to prove that the location of the necessary and relevant witnesses compels a transfer to the Northern District of Texas. *See United States v. Noland*, 495 F.2d 529, 534 (5th Cir. 1974) (although defendant alleged out of state witnesses would be inconvenienced by a trial in Texas, he "failed to demonstrate facts from which the [Court] could have concluded that the convenience of the witnesses and the interest of justice required transfer"). Therefore, this factor is not in favor of transfer.

***Location of Events***

"This factor ensures that the trial is held near where the allegedly criminal activity occurred, rather than in a district where venue has a more remote connection to the crime." *Coffee*, 113 F. Supp. 2d at 755-56. The Defendants argue that "the majority of acts that are alleged in the superseding indictment occurred in the Northern District of Texas, with some acts alleged to have occurred in other states." MOTION TO DISMISS at 5.[2] The Government argues that while parts of the conspiracy did occur in the Northern District of Texas, the conspiracy also occurred in this District, outside the state, and across the United States. Because of the nationwide character of the conspiracy, the Government argues that the Northern District of Texas is no more the focus of the conspiracy than this District. Considering the testimony of the two agents regarding the national nature of the conspiracy, and noting that the superseding indictment indicates the offenses charged

---

[2] Defendants argue that the "substantial contacts" test outlined in *United States v. Reed*, 773 F.2d 477, 480 (2nd Cir. 1985) is the deciding factor in a venue transfer case, but offer no Fifth Circuit authority for this proposition. The Court declines Defendants' request to adopt this standard. Instead, the Court considers the "location of events" as only one of several factors as discussed by the Supreme Court in *Platt*.

6

were committed within the "Eastern District of Texas and throughout the United States," the Court is of the opinion that this factor weighs against transfer.

*Location of Documents*

The Defendants argue that venue should be transferred to the Northern District of Texas because the majority of documents are located in that district. Defendants allege that approximately one million documents were seized at Defendants' Dallas, Texas, business location and will be key to the prosecution and defense of this case. The Government argues that many of the documents came from electronic data sources such as "data service providers and email hosting companies located across the United States." The Government contends that the documents regarding the conspiracy are kept in digital form in this District at the present time and are readily available to Defendants and their counsel. The Court is of the opinion that because there is no evidence that documents are inaccessible to Defendants in this District, this factor weighs against transfer.

*Disruption of Defendants' Business*

Conducting a trial in this District will not further disrupt Defendants' business. Defendants state that this factor "is not in play" and do not indicate with any specific information how Defendants' business or careers would be adversely impacted by trial in this District versus the Northern District of Texas. *See* MOTION TO DISMISS at 5. Therefore, this factor weighs against transfer.

*Expenses to Parties*

Defendants assert that this factor weighs in favor of transfer, but do not explain their reasoning outside of stating that the majority of the alleged acts occurred in the Northern District of Texas. MOTION TO DISMISS at 5. Again, Defendants have failed to identify witnesses who would

have to travel from the Northern District of Texas to the Eastern District of Texas. The Government argues, and the Court agrees, that any cost difference between the two venues would be insignificant. Therefore, this factor weighs against transfer.

*Location of Counsel*

Counsel for the Defendants are located in this District. Counsel for the Government are located in this District. Therefore, this factor does not favor transfer.

*Relative Accessability of Place of Trial*

Defendants argue that this District is less accessible than Dallas, Texas, because Sherman, Texas, is approximately seventy miles from the airport, and the Dallas Division of the Northern District of Texas is approximately twenty miles from the airport. The Government argues that this difference in distance is minimal and an easy and accessible drive. While the Court is not convinced that total miles driven determines accessability, as opposed to traffic conditions, this factor weighs slightly in favor of transfer.

*Docket Condition of Each District or Division*

Defendants assert that the Sherman Division of the Eastern District of Texas is "exceedingly busy with very crowded dockets." *Id.* at 6. The Government argues, and the Court agrees, that Defendants provide no evidence that the Northern District of Texas has a less congested docket than this District. Further, Defendants' final pre-trial conference is currently scheduled for November 2, 2009, in this District. Without regard to each district's docket conditions, any transfer to the Northern District of Texas would undoubtedly result in further delay. Therefore, this factor weighs against transfer.

*Other Special Elements Which Might Affect Transfer*

Defendants argue that the Court should transfer this case to the Northern District of Texas because the Government participated in "forum shopping" and a transfer would be "in the interest of justice." DEF. SUPPLEMENTAL BRIEF at 1-2. The Defendants cite *United States v. Gotti*, 593 F. Supp. 2d 1260 (M.D. Fla. 2008) to show that the Government filed this case in the Eastern District of Texas because it is seen as a venue more favorable to the Government. *Id*. at 2. The Government argues that there is nothing to indicate that the Government selected this District because it was hoping for more favorable conditions. GOVT. SUPPLEMENTAL RESPONSE at 7. Also, the Government argues that several Internet pharmacy cases were recently prosecuted in the Northern District of Texas, which shows they have no preference in where they file these types of cases. *Id*. Further, the Government argues that, unlike *Gotti*, where two previous trials resulted in hung juries, this case is the first and only venue for these charges and is a place of proper venue. *Id*.

The holding in *Gotti* is not persuasive here. As previously stated, this District is an appropriate venue for these charges. The case filed in this District is the first and only venue where these charges have been filed. Therefore, this factor weighs against transfer.

*Conclusion*

Based on the factors at issue, the Court finds that there is no viable reason for transferring this case to the Northern District of Texas, considering there is minimal inconvenience to the defendants, their witnesses, and attorneys, if any, by retaining the case in the Eastern District of Texas. Accordingly, the Court recommends that Defendants' motions be DENIED.

**RECOMMENDATION**

The Court recommends that Defendants' Motions to Dismiss or Transfer Venue should be

DENIED.

Within ten (10) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED** this 2nd day of September, 2009.

_____
AMOS L. MAZZANT
UNITED STATES MAGISTRATE JUDGE